USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 95-1881 JOSE AYALA, ET AL., Plaintiffs, Appellants, v. UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich and Coffin, Senior Circuit Judges. _____________________ _________________________ John Ward Llambias on brief for appellants. __________________ Ana Rosa Biascoechea, Raquel M. Dulzaides, and Jimenez, _____________________ ____________________ ________ Graffam & Lausell on consolidated brief for appellees. _________________ ____________________ January 24, 1996 ____________________ SELYA, Circuit Judge. This is a hybrid action brought SELYA, Circuit Judge. _____________ pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1994). In it, the plaintiffs complain that Union de Tronquistas de Puerto Rico, Local 901 (the Union) acted in dereliction of its duty of fair representation, and that their employer, Crowley American Transport, Inc. (Crowley), violated the collective bargaining agreement (the CBA) that was in effect at the times relevant hereto. The defendants denied the plaintiffs' allegations. In due course, the district court granted the defendants' motion for summary judgment. See Ayala ___ _____ v. Union de Tronquistas de P.R., Local 901, C.A. No. 94-2234 __________________________________________ (HL), slip op. (D.P.R. June 16, 1995). The plaintiffs appeal. We summarily affirm. There is no need to tarry. Having read the record and carefully considered the parties' briefs, we find no basis to disturb the district court's well-reasoned decision. To the precise contrary, we regard this as a paradigmatic case in which to put into practice our stated belief that, when "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 ________________________________________________ F.2d 36, 38 (1st Cir. 1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only three brief comments. First: The plaintiffs (who are members of Local 901) First: _____ urge that they were entitled to seniority rights by 2 classification, and that, therefore, the Union should have safeguarded them against being "bumped" from their laborers' jobs by non-laborers with greater company-wide seniority. This exhortation is unavailing. While the CBA is admittedly ambiguous on the key point of what sort of seniority (company-wide or in- classification) prevails in respect to laborers' positions, past practice over many years the so-called law of the shop makes it transpicuously clear that the most plausible reading of the CBA favors company-wide seniority as the appropriate measure.1 In this situation, the law of the shop controls. See United ___ ______ Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574, 580 ____________ ___________________________ (1960). Second: In all events, disaffected employees do not Second: ______ possess an absolute right to have their union shepherd a complaint through the grievance process to the bitter end. "In the context of employee grievances, the duty of fair representation is not a straitjacket which forces unions to pursue grievance remedies under the collective bargaining agreement in every case where an employee has a complaint against the company. . . . A union is accorded considerable discretion in dealing with grievance matters, and it may consider the interests of all its members when deciding whether or not to press the claims of an individual employee." Seymour v. Olin _______ ____ Corp., 666 F.2d 202, 208 (Former 5th Cir. 1982). Put another _____  ____________________ 1It is worthy of note that several of the plaintiffs were themselves, on earlier occasions, beneficiaries of the interpretation that they now strain to repudiate. 3 way, a union, caught in the middle between dueling employees, is not obliged to throw some union members to the wolves merely to placate others. In this case, the Union offered to process a grievance that presented both sides of the story. The plaintiffs asked to have this proposed grievance withdrawn. They sought to substitute in its place a grievance containing a one-sided presentation and adamantly insisted that the Union embrace this version. Understandably, the Union declined to do so. The undisputed facts reveal that the Union acted reasonably both in offering to press a balanced grievance and in refusing to grieve on the plaintiffs' terms. No more is exigible. See, e.g., Vaca ________________________ ___ ____ ____ v. Sipes, 386 U.S. 171, 190-91 (1967); De Arroyo v. Sindicato de _____ _________ ____________ Trabajadores Packinghouse, 425 F.2d 281, 284 n.2 (1st Cir.), __________________________ cert. denied, 400 U.S. 877 (1970). _____ ______ This observation leads directly to a further observation. Vaca teaches that, even if a union misconstrues the ____ CBA, its misconstruction, simpliciter, does not constitute a ___________ breach of its duty of fair representation. See Vaca, 386 U.S. at ___ ____ 190. There is no breach unless the union's "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Id.; accord Air Line Pilots ___ ______ ________________ Ass'n v. O'Neill, 499 U.S. 65, 67 (1991); Alicea v. Suffield _____ _______ ______ ________ Poultry, Inc., 902 F.2d 125, 130 (1st Cir. 1990). In this ______________ instance, no rational factfinder could conclude that the Union crossed that line. 4 Third: The plaintiffs' case against Crowley is no more Third: _____ robust than their case against the Union. In point of fact, the inadequacy of the plaintiffs' claim against the Union presages the inadequacy of their claim against Crowley. In order to excuse their failure to exhaust contractual remedies in the conventional manner and prevail in a hybrid section 301 action on a theory that the employer violated the CBA, disgruntled employees must first prevail on their unfair representation claim. See Breininger v. Sheet Metal Workers Int'l, 493 U.S. 67, ___ __________ _________________________ 82 (1989); DelCostello v. International Bhd. of Teamsters, 462 ___________ ________________________________ U.S. 151, 164-65 (1983); Chaparro-Febus v. International ______________ _____________ Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. ________________________________ 1992). Failing in the first instance, the plaintiffs also fail in the second instance. Mindful, as we are, of the district court's more exegetic treatment of these (and other) matters, we need go no further. The judgment below is summarily affirmed. See 1st Cir. ___ R. 27.1. Affirmed. Affirmed. ________ 5